Filed 8/26/20  Megha v. Ing Bank FSB CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| FALGUNI MEGHA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ING BANK FSB,<br><br>    Defendant;<br><br>CSMC 2018-SP3 TRUST,<br><br>    Intervenor and Respondent. | B300259<br><br>(Los Angeles County<br>Super. Ct. No. BC721890) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Susan Bryant-Deason, Judge.  Affirmed.

Falguni Megha, in pro. per., for Plaintiff and Appellant.

Kutak Rock and Steven M. Dailey for Intervenor and Respondent.

Plaintiff and appellant Falguni Megha (Megha) appeals from the judgment entered in favor of intervenor and respondent CSMC 2018-SP3 Trust (CSMC) after the trial court granted, without leave to amend, CSMC's motion for judgment on the pleadings in this action involving title to certain real property in Diamond Bar, California. We affirm the judgment.

## BACKGROUND

The property at issue is located on Looking Glass Drive in Diamond Bar, California (the property). A grant deed recorded on May 14, 2004, transferred title to the property from Megha, in her individual capacity, to Falguni Megha, Trustee of the Megha Family Revocable Trust (the Megha Trust). On July 8, 2013, the Megha Trust transferred title to the property to Falguni Megha, as trustee of the Koya Singh Revocable Family Trust (the Singh Trust).

Before transferring the property to the Singh Trust, the Megha Trust obtained a $323,000 loan (the loan) from ING Bank FSB (ING Bank) secured by a deed of trust on the property recorded on June 30, 2006 (deed of trust). ING Bank was the original beneficiary under the deed of trust and Land America Commonwealth was the trustee. The deed of trust allows the loan and the deed of trust to "be sold one or more times without prior notice to Borrower." In a letter dated June 7, 2018, Megha received notice that the loan had been transferred to CSMC.

Megha, in her individual capacity, filed a verified complaint against ING Bank on September 13, 2018, seeking cancellation of the deed of trust and a declaration that the deed of trust was void, although no foreclosure proceeding had been commenced to enforce the deed of trust. Megha argued that ING Bank violated Corporation Code section 2105 by transacting business

2

improperly as a foreign corporation. She also challenged the loan transfer to CSMC as improper because ING Bank had not recorded an assignment of the deed of trust.[1] On February 14, 2019, Megha filed a request for entry of default against ING Bank. The clerk of the Superior Court entered default against ING Bank that same day.

On June 3, 2019, the trial court granted CSMC's motion to intervene. CSMC filed a verified answer on that same date. On June 26, 2019, CSMC filed a motion for judgment on the pleadings, arguing that Megha as an individual was neither the owner of the property nor the borrower on the loan and was therefore not the real party in interest who could assert the claims alleged in the complaint. CSMC further argued that Megha's contention that ING Bank or CSMC were improperly transacting business as foreign corporations was incorrect, as both entities were exempt from the statutory requirement that a foreign corporation obtain a certificate of qualification from the California Secretary of State before transacting intrastate business; that the statutory provisions upon which Megha relied did not apply to the deed of trust; and that an assignment need not be recorded to enforce the deed of trust.

On July 25, 2019, the trial court granted CSMC's motion for judgment on the pleadings. The court noted that Megha had

---

[1] Megha filed an action against CSMC on January 3, 2019, challenging CSMC's ability to enforce the deed of trust. On June 3, 2019, the trial court sustained, with 20 days leave to amend, CSMC's demurrer to the complaint. Megha did not file an amended pleading, and the trial court entered judgment in CSMC's favor on August 30, 2019. Megha appealed from the judgment. That appeal was dismissed on March 16, 2020 for failure to file an opening appellate brief.

3

not opposed CSMC's motion and did not appear at the hearing. The trial court found that Megha, in her individual capacity, was not the current owner of the property or the borrower on the loan secured by the deed of trust and therefore was not the real party in interest. The court further found that CSMC had "made arguments that prima facie defeat every cause of action" in Megha's complaint, that Megha's failure to oppose the motion was deemed an admission that those arguments had merit, and that Megha had failed to indicate how the complaint could be amended to cure its defects. The trial court therefore granted the motion for judgment on the pleadings without leave to amend.

The trial court then scheduled, for August 6, 2019, an order to show cause regarding Megha's failure to proceed with default judgment against ING Bank. On August 6, 2019, the trial court ordered the parties to brief the issue of whether Megha could proceed by default against ING Bank given the court's July 25, 2019 ruling granting CSMC's motion for judgment on the pleadings.

Megha filed a notice of appeal on August 14, 2019. Judgment was entered in CSMC's favor on August 19, 2019.

## DISCUSSION

### I. Standard of Review

"The standard of review for a motion for judgment on the pleadings is the same as that for a general demurrer: We treat the pleadings as admitting all of the material facts properly pleaded, but not any contentions, deductions or conclusions of fact or law contained therein. . . . We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any theory. [Citation.]" (*Dunn v. County of Santa Barbara* (2006) 135 Cal.App.4th 1281, 1298.)

4

## II. Abandonment of claims

Megha's failure to oppose CSMC's motion for judgment on the pleadings in the trial court below resulted in abandonment of her claims against CSMC. (See *Herzberg v. County of Plumas* (2005) 133 Cal.App.4th 1, 20 [plaintiffs abandoned claim against defendant by failing to oppose defendant's demurrer].) On appeal, Megha's failure to address the trial court's bases for granting the motion for judgment on the pleadings -- Megha, in her individual capacity, is not the current owner of the property or the borrower on the loan secured by the deed of trust, and therefore cannot seek to quiet title in the property; Megha's failure to oppose CSMC's arguments defeating every cause of action in her complaint; and Megha's failure to indicate how the complaint could be amended to cure the defects -- waives her appellate challenge to the judgment. (*Telish v. State Personnel Bd.* (2015) 234 Cal.App.4th 1479, 1487, fn. 4 [failure to raise an argument in the opening brief waives the issue on appeal].) Megha's appellate brief instead focuses on the trial court's purported refusal to enter default judgment against ING Bank and reiterates allegations in her complaint that CSMC is not a proper beneficiary under the deed of trust. The record contains no order denying a motion for default judgment or any indication that the trial court denied such a motion. That issue is accordingly not properly before this court.

5

## DISPOSITION

The judgment is affirmed. CSMC shall recover its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ

We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT